1817.

BRINCKER-
HOFF
v.
THALLHIMER.

</div>

---

## *BRINCKERHOFF *against* THALLHIMER.

<div style="text-align:right">[ * 486 ]</div>

Where the *interest* on a mortgage is payable *annually*, and the principal at a future period, on a bill for a foreclosure and sale, for non-payment of *interest*, the whole, or a part of the premises, will be sold, as the Court may deem just and necessary, on a special report of the master, as to the situation of the premises, and as to the best mode of sale; and an order, from time to time, as the *interest* or principal becomes due, for a future sale, may be obtained, on the foot of the decree, on obtaining the master's report as to the amount due, &c.

BILL to foreclose a mortgage executed by the defendant to the plaintiff, on the 24th of *March*, 1813, on a lot or parcel of land at *Clifton Park*, in the town of *Halfmoon* and county of *Saratoga*, containing about 180 acres, to secure the payment of 3,000 dollars, in seven years from the 1st of *April*, 1813, with interest, *annually*. The master reported 752 dollars and 16 cents due for *interest*. The bill was taken *pro confesso*. A decree was accordingly made, in the usual form, for the sale of the mortgaged premises, or so much thereof as should be necessary to raise the interest due, and costs, and which could be sold separately without material injury to the parties, or either of them.

<div style="text-align:right">*June* 17th.</div>

*Riggs*, for the plaintiff.

THE CHANCELLOR, to ascertain whether the ends of justice, and the interest of the parties, required a sale of the whole, or only of a part of the premises, *Ordered*, that in case the master, employed to make the sale, should have doubts on that point, he should, then, before he proceeded to a sale, cause a map of the whole premises to be made, and report the same with the facts and reasons on which his doubts

1817.

LYMAN
v.
SALE.

arose, respecting the propriety of selling the *whole or only a part of the premises, to the end that directions might thereupon be given. And, with respect to the *interest* and principal to grow due, and payable thereafter, the following order was entered:

"And, inasmuch as it appears by the bill, and the said master's report, that the said mortgage is to secure the principal sum of 3,000 dollars, which is not yet payable, and the interest thereof, which is payable, annually, on every first day of *April*, and that, therefore, interest will become payable to the plaintiffs hereafter, as well as the said principal sum which ought to be raised out of the said mortgaged premises, by future sales thereof, in case the whole of the said premises shall not be sold under the foregoing order of sale: it is, therefore, further *ordered*, that the plaintiffs shall be at liberty hereafter, and from time to time, as the said annual interest shall become payable, or when the said principal sum shall become due, to go before a master upon the foot of this decree, and obtain a report as to the sum then due and payable, to the end that such report being made to this Court, an order may thereupon be made, for a further sale of the residue of the mortgaged premises, or parts thereof, to satisfy what shall so be reported due, with the costs attending such report and sale." (a)

---

(a) Vide *Marshall* v. *Thompson*, (2 *Munford's Rep.* 412.) where a similar order was granted in chancery, in respect to the future arrears of an annuity.